NOT DESIGNATED FOR PUBLICATION

No. 113,635

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEWAYNE L. MOSS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed July 15, 2016.
Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

BUSER, J.: Dewayne L. Moss appeals the district court's revocation of his probation contending that the district court abused its discretion. Having reviewed the briefs and the record on appeal we affirm the district court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

After a bench trial, Moss was sentenced on November 3, 2014, to 102 months for one count of aggravated violation of the Kansas Offender Registration Act (KORA), a level 3 person felony under K.S.A. 2015 Supp. 22-4903(b); 18 months each for two

1

counts of violation of the KORA, a level 6 person felony under K.S.A. 2015 Supp. 21-4903(a); and 6 months for one count of failure to pay offender registration fee, a level 9 person felony under K.S.A. 2015 Supp. 21-4903(a)(3)(B). The district count granted Moss' motion for a downward dispositional departure and placed him on probation for 36 months.

Shortly thereafter, on December 4, 2014, the State filed a warrant to revoke Moss' probation because he was arrested and charged with driving while under the influence of drugs or alcohol (DUI) on November 17, 2014, and again on December 2, 2014.

At the probation revocation hearing held on January 20, 2015, Officer Brad Williams testified that on November 17, 2014, he observed a blue Expedition driven by Moss make a right-hand turn without signaling and halfway through the turn, the vehicle made an abrupt movement and turned left in the middle of the intersection. The officer conducted a traffic stop. While speaking to Moss, Officer Williams "detected an odor of an alcoholic beverage coming from [Moss]. His eyes were bloodshot and his speech was fairly hard to understand. It was slurred and [Moss] mumbled at times."

Officer Williams asked Moss to submit to an Intoxilyzer 8000 breath test, but Moss refused. Officer Williams applied for and was granted a search warrant for a sample of Moss' blood which was drawn at Lawrence Memorial Hospital (LMH). The sample was tested and it indicated a blood alcohol level of ".10 grams per 100 milliliters of blood."

Officer Ryan Douglas also testified at the revocation hearing. Less than 1 month after Officer Williams' traffic stop, on December 2, 2014, Officer Douglas testified that he observed a Ford Expedition driven by Moss pull out in front of his vehicle, causing the officer to brake quickly in order to avoid a collision. The Expedition then traveled into the far left lane and went left of center after making a very wide turn. After watching the

2

Expedition weave into the left lane and cross the center line, Officer Douglas stopped the vehicle.

While speaking to Moss, Officer Douglas observed he had "bloodshot eyes, slurred speech, [and] poor coordination." Later, Moss failed field sobriety tests. Officer Douglas arrested Moss for DUI and driving with a suspended driver's license.

Officer Douglas asked Moss to submit to an Intoxilyzer 8000 breath test, and Moss replied, "'Nope.'" The officer applied for and was granted a search warrant for a sample of Moss' blood which was drawn at LMH. Moss was very uncooperative during the blood draw, yelled "[v]ery obscene things [and] used profanity," and three officers had to hold Moss down during the procedure. The sample was tested and it indicated a blood alcohol level of ".14 grams per 100 milliliters of blood."

After hearing the evidence the district judge concluded:

"I think, to me, the evidence is very clear here that we have one, a violation of probation because there ha[d] been consumption of alcohol. This is not just based upon the smell of the alcohol, but we have actually had a blood draw, KBI testing, lab reports; and on two separate occasions, we have a blood alcohol test of .10 on one occasion and .14 on the other occasion. I think that the evidence is clearly beyond a reasonable doubt that Mr. Moss was operating a motor vehicle with his blood alcohol level at those levels.
    . . . .
    ". . . I have no doubt in my mind that Mr. Moss has created two new criminal offenses, and that they are alcohol-related, that they are inherently dangerous offenses, inherently dangerous to the public to operate a motor vehicle while under the influence of drugs and/or alcohol, and that Mr. Moss was given a significant break for departure from the sentencing guidelines, which presumed he would go to prison for the prior offense of failing to register as a sex offender."

3

The district court revoked Moss' probation and ordered him to serve his sentence. Moss timely appealed the revocation of his probation.

## REVOCATION OF PROBATION

On appeal, Moss contends the district court abused its discretion in revoking his probation. First, Moss asserts that because he will be punished if he is ultimately convicted of the two DUI offenses, "imprisoning him on his underlying offenses [KORA crimes] isn't necessary to insure he pays adequate penance for his alleged, new crimes." Second, Moss claims that he "presents no greater risk to public safety than any other similarly situated DUI offender without underlying KORA registration violations."

Proceedings to revoke probation involve two phases. First, the State is required to establish a violation of the probationer's conditions of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]). In establishing a violation of the conditions of probation, the State is required to prove the violation by a preponderance of evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Second, once a violation of probation has been established, the court must consider whether the violation warrants revocation of probation. *Skolaut*, 286 Kan. at 227. The disposition of a case upon a showing of a probation violation lies within the broad discretion of the district court. Appellate review of the district court's disposition of the probation revocation hearing is, therefore, limited to reviewing the court's decision for an abuse of discretion. *Gumfory*, 281 Kan. at 1170. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

4

Probation from serving a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

Moss fails to prove any abuse of discretion. With regard to his first argument, although it is true that Moss may be punished if he is convicted of the two DUI violations, that fact is irrelevant to the district court's assessment of Moss' compliance with probation. In *this* proceeding, Moss is not being punished for DUI, he is being ordered to prison for his failure to comply with an important probation condition—to abstain from consumption of alcohol. In context, revocation is especially appropriate, however, given that the violation occurred while Moss was driving a motor vehicle.

With regard to his second argument, that Moss presents no greater risk to public safety than any other similarly situated DUI offender without underlying KORA convictions, we fail to appreciate the significance of this argument. The district court did not find that Moss was an especially dangerous probation violator because of his underlying KORA convictions. The district court simply noted the obvious—that Moss' two instances of drinking and driving were dangerous to the public. On appeal, Moss candidly admits "drinking and driving does put the public at risk." That is sufficient to show that the district court did not abuse its discretion.

In conclusion, the district court exercised leniency in allowing Moss an opportunity for probation from imprisonment for his KORA violations. Moss responded by twice violating his probation by consuming alcoholic beverages while operating a motor vehicle. By his repeated conduct, Moss showed that he was not amenable to further probation. We find no abuse of the district court's discretion in ordering Moss' commitment to prison.

Affirmed.